UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DISTRICT

| | |
|---|---|
| Larry Dolphus Matheny, | ) C/A No. 4:09-0644-RBH-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| OFC Cynthia Green, Captain Tyrone Fields, and | ) |
| Director Willie J. Bamberg, in their individual and official | ) |
| capacity as OCRDC employees, | ) |
| | ) |
| Defendants. | ) |

## I. PROCEDURAL HISTORY

The *pro se* plaintiff filed this under 42 U.S.C. § 1983[1] on March 16, 2009, alleging violations of his constitutional rights. Plaintiff is currently incarcerated at Perry Correctional Institution. At all times relevant to the allegations in the complaint, plaintiff was incarcerated as a pretrial detainee at Orangeburg-Calhoun Regional Detention Center ("OCRDC"). Plaintiff filed a motion for summary judgment on July 17, 2009, and defendant filed a response on July 30, 2009, along with affidavits. However, an amended complaint was filed on September 9, 2009. Defendants filed a motion to dismiss on September 11, 2009, and a motion for summary judgment on November 6, 2009. The undersigned issued orders filed September 14, 2009, and November 9, 2009, pursuant to Roseboro

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff has failed to file a response to defendants' dispositive motions.

### RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of Plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the Defendant;

(3) the history of the Plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to Defendants' motion to dismiss or motion for summary judgment, or the court's Orders requiring him to respond. The undersigned concludes the Plaintiff has abandoned his lawsuit as to these Defendants. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

In the alternative, the undersigned will briefly address the merits and defendants' motion for summary judgment.

## II. DISCUSSION

### A. ALLEGATIONS

While incarcerated at OCRDC, plaintiff alleges in his amended complaint that he was assaulted by two other detainees, Patterson and Johnson, on January 19, 2008. During medical call, plaintiff contends that he was physically attacked by detainees Michael Patterson and Ricardo Johnson causing severe damage to his neck and spinal area. Plaintiff alleges that Officer Green, who was working the control tower during the time of the incident, disregarded agency guidelines by allowing Patterson outside his cell without restraints after hearing Patterson threaten plaintiff's life and while knowing Patterson's current security status prohibited interaction with other detainees." (Amended complaint). Plaintiff asserts that Officer Green intentionally had a conscience disregard for his safety. Plaintiff alleges that Captain Tyrone Fields helped aid and assist Officer Green by failing to take disciplinary action against her for her actions. As to Director Willie J. Bamberg, plaintiff alleges he deliberately "allowed plaintiff to suffer extreme pain and potential paralysis without adequate medical attention when he waited approximately 3 months before approving further medical treatment and payment of all expenses" thereby disregarding plaintiff's rights and safety. (Amended complaint). Plaintiff requests "four million dollars in damages as a result of Ofc. Green's, Capt. Fields' and Director Bamberg's negligence and blatant disregard for their own guidelines and procedures and plaintiff's rights and safety." (Amended complaint). Plaintiff also

request that "all monies taken from plaintiff by SCDC in direct relation to the injury suffered while housed at OCRDC" be repaid. (Amended complaint).

Defendants filed a motion for summary judgment asserting that there exists no genuine issue of material fact, they did not violate plaintiff's constitutional rights, they did not know of any risk to the plaintiff, were not deliberately indifferent to any risk, and plaintiff cannot support his action with expert testimony. (Doc. #52).

### B. STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the petitioner has failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

### C. LEGAL ANALYSIS APPLICABLE TO PRETRIAL DETAINEES

Allegations of deprivations regarding pretrial detainees are considered under the due process clause of the Fourteenth Amendment instead of the cruel and unusual punishment clause of the Eighth Amendment. Cooper v. Dyke, 814 F.2d 941 (4th Cir. 1987). The rationale for this distinction was explained in Ingraham v. Wright, 430 U.S. 651 (1977) at 671-72:

> Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions . . . the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with the due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment (citations omitted).

A pretrial detainee may not be punished. An inmate serving a custodial sentence may be punished so long as the punishment is not "cruel and unusual." Bell v. Wolfish, 441 U.S. 520

(1979). Using the standard set out in that case, a condition must be evaluated on whether or not it was implemented to "punish" the detainee before he was convicted of any crime. Balanced against that concern, however, is the legitimate security concerns of housing a number of persons prior to their trials. If a restriction is imposed for a legitimate, non-punitive purpose, is not excessive to meet its goal, and was not imposed simply to punish the inhabitants of a facility, it will be upheld. Bell, 441 U.S. at 538.

Since the plaintiff is proceeding pro se, this court is required to treat his filings and pleadings with some degree of liberality. Estelle v. Gamble, 429 U.S. 97 (1976); Hughes v. Rowe, 449 U.S. 9 (1980) (per curiam). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes v. Rowe, 449 U.S. 5, 66 L.Ed.2d 163, 101 S.Ct. 173 (1980)(per curiam). However, plaintiff is cautioned that the court may not rewrite his pleadings; Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct defendant's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-418 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986). Further, while the court should afford a *pro se* litigant every reasonable opportunity to construct and present his side, the court cannot act as counsel for the *pro se* litigant or excuse a failure to comply with the rules of this court.

### D. DELIBERATE INDIFFERENCE TO A RISK OF HARM

As previously stated, plaintiff alleges that the defendants failed to prevent an attack from two other detainees. Defendants argue that plaintiff fails to present any evidence that any defendant was at any time deliberately indifferent to a substantial risk of serious harm to the plaintiff.

Defendants submitted the affidavit and a supplemental affidavit of Officer Cynthia Green who attests that she was present as a detention officer working at the OCRDC on January 19, 2008, when inmate Michael Patterson suddenly and unexpectedly assaulted inmate Larry Matheny as medications were being administered while other staff were present as well. (Green Affidavit, docs. #52-2 and #29-1). Inmate Ricardo Johnson was present but did not physically harm plaintiff. (Id.). Prior to the assault, Green had no knowledge, nor information, nor reason to believe that inmate Patterson, inmate Johnson, or any other inmate was a threat or risk to plaintiff. (Id.). Green had not heard any threats by Patterson or any other inmate toward plaintiff, "nor even any hostile remarks between them." (Id.). Green had not been given a directive to keep Patterson or Johnson separate from plaintiff and neither inmate had requested protection from the other. (Id.). As soon as the fight started, Green immediately attempted to separate the inmates and requested assistance from other officers. (Id.). An "all available" call was made for assistance and Officer Wood sprayed capstun to break up the fight as stated in the inter-Department Memorandum filed by plaintiff. (Id.). Green attests that she has no knowledge of Ricardo Johnson being involved in the assault on plaintiff. (Id.). After the incident, plaintiff was taken to the hospital for medical treatment and Green does not know of any person that denied plaintiff medical care. (Id.). Green attests that she never intended that plaintiff be harmed, she did not allow plaintiff to be harmed, she did not violate any constitutional rights of plaintiff, and she was never indifferent to any need or right of plaintiff. (Id.).

Defendants submitted the affidavit and supplemental affidavit of Willie J. Bamberg who attests that he is the Director of the OCRDC and is familiar with the matter of inmate plaintiff being assaulted by inmate Michael Patterson on January 19, 2008. (Affidavit of Bamberg, docs. #29-3 and #52-3). The records do not reveal inmate Ricardo Johnson to be involved in the assault on plaintiff

which occurred on January 19, 2008. (Id.). Bamberg has no knowledge to indicate that Officer Green knew of any threat posed by inmates Patterson or Johnson to plaintiff, nor did she disregard any risk to plaintiff. (Doc. #52-3). Immediately after the assault, plaintiff was treated at the Regional Medical Centers for Orangeburg and Calhoun Counties and continued to have care over the next several months until his transfer to SCDC custody. (Doc. #29-2. Also see medical records submitted by plaintiff with doc. #26). Plaintiff's care while in OCRDC included regular care in the OCRDC's Nurse's Station, care at TRMC including an MRI in February 2008, and care at Palmetto Health Richland in May 2008 which included surgery and rehabilitation services. (Id.). Bamberg attests that he has never refused plaintiff any care and he was not deprived of adequate medical care while an inmate at OCRDC. (Id.). Bamberg attests that he never declined to authorize medical care for plaintiff, he is not a physician, and he does not make medical treatment decisions. Bamberg attests that he knows of no conduct by Officer Green, Captain Fields or himself which caused any risk of harm to plaintiff and that plaintiff was never refused medical care while at OCRDC. (Id.).

Defendants also submitted the affidavit of Tyrone Fields who attests that he was formerly a Captain at the OCRDC where he worked for over sixteen years but is now retired. (Doc. #52-4). Fields is familiar with the matter of plaintiff being assaulted by inmate Patterson on January 19, 2008, but has no knowledge that Officer Green knew of any threat posed by inmate Patterson or any other inmate to plaintiff and that she did not in any way disregard any risk to plaintiff. (Id.). Fields knows of no conduct by Officer Green, Director Bamberg, or himself which caused any risk of harm to plaintiff and found no reason to discipline Officer Green. (Id.). Further, Fields attests that even if he had disciplined Green "(which was not warranted)" he knows of no way that would benefit

8

plaintiff. (Id.). Bamberg did not violate any constitutional right of plaintiff and does not know of any person who did violate any such right. (Id.).

The Supreme Court recognized that punishment prohibited by the Constitution does not result from negligence on the part of prison officials. The Supreme Court stated this principle and established the appropriate standard in Whitley v. Albers, 475 U.S. 312 (1986).

> [t]o be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interest or safety . . . It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause. . . . Id., at 1084.

Based on these precedents the issue is whether an inmate who has suffered injury has alleged and offered evidence that the prison officials "wantonly and obdurately failed to take precautions for his safety in deliberate indifference to a specific known risk of harm. . . ." Ruefly v. Landon, 825 F.2d 792 (4th Cir. 1987). The Supreme Court has defined "deliberate indifference" in the context of the liability of physical injury to an inmate. In analyzing case law, the court concluded that deliberate indifference must be something more than mere negligence, but less than purposeful or knowing conduct. The court held: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825 (1994).

The Supreme Court defined "deliberate indifference" in the Eighth Amendment context in Farmer, supra. The court held:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement <u>unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk</u>

9

>of serious harm exists, and he must also draw the inference. (Emphasis added). This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concern when it imposes tort liability on a purely objective basis. [Citations omitted]. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Id. at 837-38.

The obduracy and wantonness standard applies to prison officials in supervisory positions as well as to guards and corrections officers who deal with inmates directly. Thus, a supervisor must know of a specific risk or be aware of a pervasive risk of harm and act "wantonly, obdurately, or with deliberate indifference to that specific or pervasive risk of harm." Moore v. Winebrenner, 927 F.2d 1312 (4th Cir.), cert. denied, 502 U.S. 828 (1991).

The undersigned concludes that the plaintiff has failed to prove that these prison officials wantonly and obdurately failed to take precautions for his safety or showed deliberate indifference to a specific known risk of harm. Plaintiff presents no evidence that defendants were aware of any specific danger and disregarded any potential harm to the plaintiff. There had been no known previous threats by Inmate Patterson or any other inmate toward plaintiff. Officer Green knew of no animosity between Patterson, Johnson or plaintiff and there was no directive to keep them separate nor any request by these inmates for protection from the other. (Green affidavits). The incident reports submitted by the plaintiff describe the incident as follows:

> While receiving medication in F-!-Section. Inmate Patterson Michael stated to I/M Larry Matheny that he would be a better houseman than him. I/M Matheny made a response and I/M Patterson became hostile and assaulted I/M Larry Matheny. I/M Patterson violated 4.4 Assault and or attempted assault.

Exhibit 26–3, labeled p.2 by plaintiff).

A review of this incident report also reveals under "What Action was Taken" that "Inmate Patterson was placed on Administrative Segregation until indicated by chief of security." (Id.). This evidence submitted by the plaintiff reveals that inmate Patterson was placed on administrative segregation after the incident.

Officials can be liable under the deliberate indifference standard only to the extent that they actually appreciate the risk factors in a given case, and only to the extent they make the casual inference that the circumstances as they perceived them created a substantial risk of harm. Holding officials accountable for risk factors that they did not actually recognize, while permissible if negligence were the standard of culpability, is not permissible when deliberate indifference is the standard. See Rich v. Bruce, 129 F.3d 336, 340 n. 2 (4th Cir. 1997)(It is not enough that the official should have recognized that his actions were inappropriate; the official actually must have recognized that his actions were inappropriate).

Accordingly, plaintiff has not shown that the named defendants were both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that defendants drew the inference. Farmer, supra; Rich v. Bruce, 129 F.3d 336 (4th Cir. 1997)("A defendant is not subjectively reckless where, although he is aware of the existence of a general risk, he is unaware that his conduct is inappropriate in light of that risk. True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk.").

Assuming defendants' actions were indicative of negligence, a showing of mere negligence will not meet the deliberate indifference standard. Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). Neither the Fourteenth Amendment Due Process Clause, Davidson v. Cannon, 474 U.S. 344, 347 (1986), nor Eighth Amendment, Moore v. Winebrenner, 927 F.2d 1312, 1316 (4th Cir. 1991) is violated by negligent failure to protect inmates from violence. Thus, the undersigned recommends that this claim be dismissed and summary judgment granted in favor of the defendants.

### E. MEDICAL INDIFFERENCE

Plaintiff has made allegations that defendant Bamberg was indifferent to his medical needs by delaying the approval of additional medical treatment and payment of the expenses. Defendants argue they are entitled to summary judgment as plaintiff was not denied medical treatment and plaintiff's medical records indicate the assault did not cause the underlying medical condition necessitating plaintiff's medical treatment. Defendants argue that the medical records reveal numerous notations that plaintiff's only medical problems were related to his underlying arthritis. Therefore, defendants assert that some or all of plaintiffs treatment was necessitated by plaintiff's underlying arthritis. (Defendants' memorandum).

Any claims of medical indifference as to defendants should be dismissed as they are not medical personnel. The Fourth Circuit has held that to bring a claim alleging the denial of medical treatment against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. Miltier v. Beorn, 896 F.2d 848 (4th Cir.1990). Prison personnel may rely on the opinion of the medical staff as to the

proper course of treatment. *Id.* Under these principles, the plaintiff has not alleged sufficient facts stating any claim actionable under § 1983 regarding his medical treatment against the defendants who are non-medical personnel. Plaintiff has failed to show that these defendants were personally involved with any alleged denial or delay of treatment or that they deliberately interfered with plaintiff's medical treatment. Plaintiff received treatment on numerous occasions during his stay at OCRDC and medical records submitted by plaintiff reveal that plaintiff had underlying arthritis problems.

"Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice" Jackson v. Fair, supra. The type and amount of medical care is left to the discretion of prison officials as long as medical care is provided. Brown v. Thompson, supra. Although plaintiff did not agree with the type of treatment or the timing of treatment he received, the fact is plaintiff was provided treatment. As previously stated, a disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation. Negligent or incorrect medical treatment is not actionable under 42 U.S.C. § 1983. Negligence, in general, is not actionable under 42 U.S.C. § 1983.

Based on the evidence presented, there has been no deliberate indifference shown to the overall medical needs of the plaintiff by these defendants. For the above stated reasons, summary judgment should be granted in favor of defendants on this issue.

### F. RESPONDEAT SUPERIOR

Defendants argue that plaintiff's only allegation against Captain Fields is that he was in a supervisor position to Officer Green and failed to discipline her after the assault. Defendants argue

that <u>respondeat superior</u> does not apply to this action against officer Green. Additionally, even if Captain Fields should have disciplined green and failed to do so, such inaction does not give rise to a claim by plaintiff or that such failure caused harm to plaintiff. The undersigned agrees.

Under the doctrine of <u>respondeat superior</u>, an employer or supervisor is not liable for the acts of their employees, absent an official policy or custom which results in illegal action. See <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 694 (1978) and <u>Fisher v. Washington Metro Area Transit Authority</u>, 690 F. 2d 1133, 1142-43 (4th Cir. 1982). The employer or supervisor may only be held liable if the plaintiff can show that they had actual knowledge of the specific danger, but were deliberately indifferent to the plaintiff's needs despite their knowledge of this danger, <u>Slakan v. Porter</u>, 737 F. 2d 368 (4th Cir. 1984).

Defendant Fields cannot be held liable under a <u>respondeat superior</u> theory under Title 42, U.S.C. § 1983 for the acts of a subordinate employee. <u>Monell</u>, <u>supra</u>. Additionally, there is no evidence that plaintiff's constitutional rights were violated by any inaction on the part of this defendant to discipline Officer Green. Thus, it is recommended that all allegations against defendant Fields be dismissed on this theory.

### G.  PENDENT JURISDICTION

Assuming plaintiff's § 1983 claim is dismissed by this Court and plaintiffs' complaint somehow can be conceived to state an additional claim for relief under any state common law theory, the undersigned concludes that such claim(s), if any, ought to be dismissed as well for want of jurisdiction. Specifically, this Court can decline to continue the action as to the pendent claims

if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

### III. CONCLUSION

As set out above, a review of the record indicates that the plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that plaintiff's complaint be dismissed for failure to prosecute and comply with Court Orders with prejudice pursuant to Fed. R. Civ. Proc. 41(b).

In the alternative, plaintiff has failed to show that defendants violated any of his constitutional or statutory rights under 42 U.S.C. § 1983. It is therefore, for the reasons stated herein,

RECOMMENDED that the motion filed by defendants (doc. #52) for summary judgment be GRANTED IN ITS ENTIRETY.

IT IS FURTHER RECOMMENDED that plaintiff's motion for summary judgment (doc.#26) be deemed Denied, defendants' previous motion for summary judgment before the filing of the amended complaint (doc. #33) and the motion to dismiss (doc.#45) be deemed MOOT.

                                                              Respectfully submitted,

                                                              s/Thomas E. Rogers, III
                                                              Thomas E. Rogers, III
                                                              United States Magistrate Judge

February 1 , 2010
Florence, South Carolina
**The parties' attention is directed to the important information on the attached notice.**